UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMILA YASMINE BEY, *et al.*, | ) | CASE NO. 4:16 CV 744 |
| | ) | |
| Plaintiffs, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| RALPH T. MEACHAM, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Jamila Yasmine Bey filed this action against Mahoning County Treasurer Ralph T. Meacham on behalf of her herself as well as Ja'far Amir Bey, and Laurence James Seldon-Bey. In the Complaint, Plaintiff purports to be a Moorish American National, denies that she is a tax payer, and contends her Mahoning County home is not subject to property tax because she declared it to be located on the "Allodial soils of the Moroccan Empire." She seeks an order enjoining the collection of future property taxes and reimbursement of taxes already paid on the property.

### I. Background

Plaintiff's Complaint is composed largely of incomprehensible rhetoric. She claims she is a "natural person, not to be confused with individual, a trust, estate, partnership, association, company or corporation and [is] NOT [a] taxpayer[ ]... ." (Doc. No. 1 at 2). Rather, she characterizes herself as a Moorish American National on the land under occupation by the

defacto government who violated the Treaty of Peace and Friendship. She contends she is not subject to internal revenue tax and therefore cannot be considered a tax payer. Although her property is located on Stocker Avenue in Youngstown, Ohio, she contends she has exempted it from the City of Youngstown, the State of Ohio and the United States, and considers it to be part of the Moroccan Empire. She therefore disputes that she is required to pay property taxes to Mahoning County. She requests that this Court enjoin the collection of the property taxes, and order the County to return all property taxes previously collected.

Defendant filed a Motion to Dismiss (Doc. No. 6) on April 15, 2016 claiming Plaintiff's assertion of sovereignty is a frivolous attempt to avoid payment of real property taxes. He contends there is no legal authority that exempts individuals claiming to be Moorish Americans from payment of taxes. He asks this Court to dismiss this action with prejudice under Federal Civil Procedure Rule 12(b)(6).

**II.     Standard of Review**

In deciding a Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the Court must determine the legal sufficiency of the Plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir.1993). *See also, Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (clarifying the legal standard for a Rule 12(b)(6) motion to dismiss); *Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009) (same).

When determining whether a Plaintiff has stated a claim upon which relief may be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations to be true, and determine whether the Complaint contains "enough facts to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A Plaintiff is not required to prove, beyond a doubt, that the factual allegations in the Complaint entitle him to relief, but must demonstrate that the "[f]actual allegations [are] enough to raise a right to relief above the speculative level, on the assumption that all the allegations are true." *Id*. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court in *Iqbal* clarified the plausibility standard outlined in *Twombly* by stating that "[a] claim has facial plausibility when the Plaintiff pleads content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Additionally, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id*. Making this determination is "a context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id*.

For this analysis, a Court may look beyond the allegations contained in the Complaint to exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED.R.CIV.P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir.1997).

### III. Analysis

As an initial matter, Jamila Yasmine Bey is not an attorney and cannot represent Ja'far Amir Bey or Laurence James Seldon-Bey in court. In general, a party may plead and conduct his or her case in person or through a licensed attorney. *See* 28 U.S.C. § 1654; *Eagle Associates v.*

-3-

*Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991).[1] An adult litigant who wishes to proceed *pro se* must personally sign the Complaint to invoke this Court's jurisdiction. *See* 28 U.S.C. § 1654; *Steelman v. Thomas*, No. 87-6260, 1988 WL 54071 (6th Cir. May 26, 1988). Only Jamila Yasmine Bey signed the Complaint. There is no indication that she is a licensed attorney, and therefore her signature is not effective to bring the claims of Ja'far Amir Bey and Laurence James Seldon-Bey before this Court. Consequently, only the claims pertaining to Jamila Yasmine Bey are properly before this Court.

Plaintiff's allegations of sovereign immunity are frivolous, based solely on creative, but completely unfounded allegations. The United States has not recognized the Moorish Nation as a sovereign state. *See Sanders–Bey v. United States*, 267 F. App'x 464, 466 (7th Cir. 2008)(describing the Moorish American Nation as a notorious organization of scofflaws who attempt to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of responsibility under those same laws); *Bey v. Am. Tax Funding*, No. 11 CV 6458 CJS, 2012 WL 1495368, at *6 (W.D.N.Y. Apr. 27, 2012); *Hampton v. City of Durham*, No. 110CV706, 2010 WL 3785538, at *2 3 (M.D.N.C. Sept. 22, 2010); *Benton–El v. Odom*, 2007 WL 1812615, at *6 (M.D.Ga. June 19, 2007); *Osiris v. Brown*, 2004 WL 2044904, at *2 (D.N.J. Aug. 24, 2005); *Khattab El v. United States Justice Dept.*, 1988

---

[1] 28 U.S.C. § 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

WL 5117, at *2 (E.D.Pa. Jan. 22, 1981); We the People Beys and Els v. State of New York, 165 F.3d 16, 1998 WL 801875, at *1 (2d Cir. Nov.12, 1998) (unpublished opinion). Plaintiff cannot unilaterally bestow sovereign immunity upon herself, and declare the property on which she lives, which is located within the geographic borders of the United States, to be foreign soil. *See United States v. Lumumba*, 741 F.2d 12, 15 (2d Cir. 1984). While she has informally renounced her United States citizenship, it is of no importance to this matter. Those who voluntarily relinquished their citizenship, like other aliens living in the United States are subject to and must obey federal, state, and local laws, just as native-born and naturalized citizens are required to do. *See Bey v. Am. Tax Funding*, No. 11 CV 6458 CJS, 2012 WL 1495368, at *6 (W.D.N.Y. Apr. 27, 2012); *Howell–El v. United States*, 2006 WL 3076412, at *3 (S.D. Ill. Oct.27, 2006). Her assertion that her property is not within the United States and not subject to property tax is frivolous.

Furthermore, this Court cannot enjoin Mahoning County's collection of property taxes. The Tax Injunction Act, 28 U.S.C.A. § 1341, states that a federal district court cannot "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C.A. § 1341. The State of Ohio provides a remedy under Ohio Rev. Code § 2723.01, which states: "[c]ourts of common pleas may enjoin the illegal levy or collection of taxes and assessments and entertain actions to recover them when collected, without regard to the amount thereof, but no recovery shall be had unless the action is brought within one year after the taxes or assessments are

collected." Even if Plaintiff had a non-frivolous objection to her property taxes, she could not bring that claim in federal court.

### IV.     Conclusion

Accordingly, the Defendant's Motion to Dismiss (Doc. No. 6) is granted, and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Date: April 27, 2016                             */s/ John R. Adams*
                                                                  JOHN R. ADAMS
                                                                  UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.